ELECTRONICALLY FILED
Superior Court of California,
County of Orange

08/02/2018 at 10:20:45 AM

Clerk of the Superior Court
By Yesica Campos, Deputy Clerk

1  Jim O. Whitworth (SBN 222031)
**LAW OFFICES OF JIM O. WHITWORTH**
2  7071 Warner Avenue, Suite F-134
Huntington Beach, CA  92647
3  (714) 841-0585 - telephone
(714) 845-9950 – fax
4  jim@lemoncarhelp.com

5

Attorneys for Plaintiff,
6  **PERRY MELNICK**

7

8             **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9            **FOR THE COUNTY OF ORANGE, CENTRAL DISTRICT**

10

| | |
|---|---|
| 11  PERRY MELNICK, an individual, | **Case No.:** 30-2018-01009705-CU-BC-CJC<br>Judge Thomas A. Delaney |
| 12          Plaintiff, | Hon. |
| 13       vs. | **COMPLAINT RE VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT ("ACT") {Civil Code §§ 1790 et seq.}:** |
| 14  BMW OF NORTH AMERICA, LLC, a corporation; CREVIER BMW, a business | |
| 15  entity, form unknown; and DOES 1 through 50, inclusive, | **1.    BREACH OF EXPRESS WARRANTY OBLIGATIONS UNDER THE ACT;** |
| 16 | |
| 17          Defendants. | **2.    BREACH OF IMPLIED WARRANTY OBLIGATIONS UNDER THE ACT; AND** |
| 18 | |
| 19 | **3.    FRAUD** |
| 20 | |

21       Plaintiff, PERRY MELNICK (hereinafter referred to as "MELNICK" or "PLAINTIFF"),

22  hereby alleges as follows:

23                    **GENERAL ALLEGATIONS**

24              **COMMON TO ALL CAUSES OF ACTION**

25       1.    MELNICK is, and at all times herein mentioned was, an individual residing in the

26  state of California.

27       2.    MELNICK is informed and believes and thereon alleges that Defendant, BMW

28  OF NORTH AMERICA, LLC (hereinafter referred to as "BMWNA"), is, and at all times herein

- 1 -

1  mentioned was, a corporation duly licensed and/or authorized to conduct business in the
2  county of Orange, in the state of California.

3      3.      MELNICK is informed and believes and thereon alleges that CREVIER BMW
4  (hereinafter referred to as "CREVIER" or "DEALER"), is, and at all times herein mentioned
5  was, a business entity, duly licensed and/or authorized to conduct business in the city of Santa
6  Ana, county of Orange, in the state of California and acted as an agent for BMWNA.

7      4.      a)      The true names and capacities, whether individual, corporate, associate,
8  or otherwise, of Defendant DOES 1 through 50, inclusive, are unknown to MELNICK, who
9  therefore sues these Defendants by such fictitious names, and MELNICK will seek leave to
10  amend this Complaint to set forth their true names and capacities when ascertained.

11          b)      MELNICK is informed and believes, and thereon alleges, that each of the
12  Defendants designated herein as a "DOE" is responsible in some manner for the events and
13  happenings herein referred to and caused injury and damage to MELNICK as herein alleged.

14      5.      a)      MELNICK is informed and believes, and thereon alleges, that at all times
15  herein mentioned, Defendants, and each of them, were the agents, servants, and/or
16  employees of each of their Co-Defendants.

17          b)      MELNICK is informed and believes, and thereon alleges, that in doing the
18  things hereinafter alleged, Defendants, and each of them, were acting in the course and scope
19  of their employment as such agents, servants, and/or employees, and/or with the permission,
20  consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

21      6.      MELNICK is informed and believes and thereon alleges that Defendants
22  BMWNA and/or DOES 1 through 20, inclusive, and each of them (hereinafter individually and
23  collectively referred to as the "MANUFACTURER"), manufactured and/or distributed, in the
24  United States and the state of California, a consumer good identified as a 2015 BMW M4
25  bearing vehicle identification number WBS3U9C52FJ967847 (hereinafter referred to as the
26  "SUBJECT VEHICLE"), for its eventual sale or lease to retail buyers or lessees.

27      7.      At all times mentioned herein, the SUBJECT VEHICLE was, and is, a "new motor
28  vehicle" as defined at Civil Code § 1793.22(e)(2) of the Song-Beverly Consumer Warranty Act,

- 2 -

1 | Civil Code §§ 1790 et seq. (hereinafter referred to as the "ACT"), in that said SUBJECT
2 | VEHICLE was a new motor vehicle sold with the MANUFACTURER's new car warranty.

3 |       8.     On or about October 17, 2017, MELNICK purchased the SUBJECT VEHICLE
4 | for personal, family, and/or household purposes, from an authorized dealer and agent of
5 | MANUFACTURER, and/or DOES 21 through 50, inclusive, and each of them (hereinafter
6 | individually and collectively referred to as "DEALER"), retail merchants authorized by
7 | MANUFACTURER to do business in the state of California on behalf of MANUFACTURER,
8 | for a total consideration over the term of the contract of $64,015.94.

9 |       9.     MANUFACTURER appended to the SUBJECT VEHICLE an express written
10 | "new car" warranty in which it warranted to perform any repairs or replacement of parts
11 | necessary to ensure that the SUBJECT VEHICLE and the components therein were free from
12 | all defects in material and workmanship, and to perform any adjustments necessary to maintain
13 | the utility of the SUBJECT VEHICLE and the parts, components, and various electrical and/or
14 | mechanical systems contained therein.

15 |      10.     MELNICK duly performed all the conditions on his part under the purchase
16 | contract and under each of the express warranties referenced above, except insofar as the
17 | acts and/or omissions of all Defendants herein, and each of them, as hereinafter alleged,
18 | prevented and/or excused such performance.

19 |      11.   a)     MELNICK returned the SUBJECT VEHICLE to DEALER for repairs under
20 | the warranties referenced above because it exhibited defects, nonconformities,
21 | maladjustments, or malfunctions relating to the defective braking system; defective air
22 | conditioning system; and defective electrical system.

23 |           b)     Subsequently, the SUBJECT VEHICLE exhibited further and additional
24 | defects, nonconformities, maladjustments, or malfunctions in the same components or
25 | systems.

26 |      12.   a)     On each occasion on which the SUBJECT VEHICLE exhibited defects,
27 | nonconformities, maladjustments, or malfunctions, as hereinabove described, MELNICK
28 |

1 | notified MANUFACTURER, through DEALER or one of MANUFACTURER'S other authorized
2 | service and repair facilities, within a reasonable time after MELNICK's discovery thereof.

3 |       b)    On each occasion of notification, MELNICK attempted to invoke the
4 | applicable warranties, demanding that the authorized repair facilities repair such non-
5 | conformities pursuant to the warranties.

6 |    13.   a)    On each such occasion, Defendants, and each of them, represented to
7 | MELNICK that they could and would make the SUBJECT VEHICLE conform to the applicable
8 | warranties, and/or that they had successfully repaired the SUBJECT VEHICLE.

9 |       b)    However, Defendants, and each of them, failed to make the SUBJECT
10 | VEHICLE conform to the applicable warranties, despite a reasonable number of attempts to
11 | do so.

12 |    14.   On or about June 2018, MELNICK discovered that Defendants, and each of
13 | them, were unable or unwilling to make the SUBJECT VEHICLE conform to the applicable
14 | warranties.

15 | **FIRST CAUSE OF ACTION**

16 | **(Breach of Express Warranty Obligations Under the ACT)**

17 | **(Against BMW OF NORTH AMERICA, LLC)**

18 |    15.   MELNICK re-alleges each and every paragraph contained in the GENERAL
19 | ALLEGATIONS set forth hereinabove, and hereby incorporates them by this reference as
20 | though fully set forth herein.

21 |    16.   The actions of Defendants, and each of them, in failing to perform the proper
22 | repairs, parts replacements, and/or adjustments to make the SUBJECT VEHICLE conform to
23 | the applicable express warranties constitute a breach of the express warranties that
24 | MANUFACTURER provided to MELNICK, thereby breaching Defendants' obligations under
25 | the ACT.

26 |    17.   a)    As the result of the actions of Defendants, and each of them, and pursuant
27 | to the provisions of the ACT, MELNICK is entitled to replacement of the SUBJECT VEHICLE,
28 |

1 | or restitution of the amount actually paid or payable under the contract, at MELNICK's option,

2 | plus prejudgment interest thereon at the legal rate.

3 |         b)    MELNICK will seek leave of the Court to amend this Complaint to set forth

4 | the exact amount of restitution and interest, upon election, when ascertained.

5 |     18.   a)    As a further result of the actions of Defendants, and each of them, and

6 | pursuant to the ACT, MELNICK has sustained and is entitled to incidental damages in an

7 | amount yet to be determined, plus interest thereon at the legal rate.

8 |         b)    MELNICK will seek leave of the Court to amend this Complaint to set forth

9 | the exact amount of incidental damages when ascertained.

10 |     19.   a)    As a further result of the actions of Defendants, and each of them, and

11 | pursuant to the ACT, MELNICK has sustained and is entitled to consequential damages in an

12 | amount yet to be determined, plus interest thereon at the legal rate.

13 |         b)    MELNICK will seek leave of the Court to amend this Complaint to set forth

14 | the exact amount of consequential damages when ascertained.

15 |     20.   a)    Defendants, and each of them, failed to perform the necessary repairs or

16 | service in a good and workmanlike manner.

17 |         b)    The actions taken by Defendants, and each of them, were insufficient to

18 | make the SUBJECT VEHICLE conform to the express warranties and/or proper operational

19 | characteristics of like vehicles, all in violation of Defendants' obligations under the ACT.

20 |     21.   Although Defendants, and each of them, were unable to service or repair the

21 | SUBJECT VEHICLE to conform to the applicable express warranties after a reasonable

22 | number of attempts, Defendants failed to replace the SUBJECT VEHICLE or make restitution

23 | to MELNICK in accordance with the ACT.

24 |     22.   Defendants, and each of them, knew of their obligations under the ACT but

25 | intentionally failed or declined to fulfill them.

26 |     23.   The failure of Defendants, and each of them, to make the SUBJECT VEHICLE

27 | conform to the applicable express warranties was willful, justifying an award of a Civil Penalty

28 | as provided in the ACT in an amount not to exceed two (2) times MELNICK's actual damages.

- 5 -

MELNICK VS. BMW OF NORTH AMERICA, et al.
COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT

24.     The failure of Defendants, and each of them, to replace the SUBJECT VEHICLE or make restitution to MELNICK was willful, justifying an award of a Civil Penalty as provided in the ACT in an amount not to exceed two (2) times MELNICK's actual damages.

25.     a)      On   or   about   June   28,   2018   MELNICK   made   demand   upon MANUFACTURER for replacement or restitution, pursuant to the ACT.

b)      Defendants, and each of them, knew of their obligations under the ACT, but, nevertheless, and despite MELNICK's demand, failed and refused to make restitution or replacement according to the mandates of the ACT.

26.     a)      As a direct result of the actions of Defendants, and each of them, and in pursuing MELNICK's claim, it was necessary for MELNICK to retain legal counsel.

b)      Pursuant to the ACT, MELNICK is entitled to the recovery of attorney's fees based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred in pursuing this matter.

## SECOND CAUSE OF ACTION

### (Breach of Implied Warranty Obligations Under the ACT)

### (Against All Defendants)

27.     MELNICK re-alleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by reference as though fully set forth at length herein.

28.     At the time that MANUFACTURER distributed the SUBJECT VEHICLE into commerce, and at the time that MELNICK acquired the SUBJECT VEHICLE, Defendants, and each of them, impliedly warranted that the SUBJECT VEHICLE was merchantable as provided in the ACT.

29.     At the time that DEALER sold the SUBJECT VEHICLE, and at the time that MELNICK acquired the SUBJECT VEHICLE, Defendants, and each of them, impliedly warranted that the SUBJECT VEHICLE was merchantable as provided in the ACT.

30.     The SUBJECT VEHICLE was not merchantable, as evidenced by the defects, nonconformities, maladjustments, and/or malfunctions as hereinabove alleged.

31.   a)   As the result of the actions of Defendants, and each of them, MELNICK has sustained damage in the amount actually paid or payable under the contract, plus prejudgment interest thereon at the legal rate.

b)   MELNICK will seek leave to amend this Complaint to set forth the exact amount thereof when ascertained.

32.   a)   As a further result of the actions of Defendants, and each of them, MELNICK has sustained incidental damages in an amount yet to be determined, plus interest thereon at the legal rate.

b)   MELNICK will seek leave to amend this Complaint to set forth the exact amount of incidental damages when ascertained.

33.   a)   As a further result of the actions of Defendants, and each of them, MELNICK has sustained consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.

b)   MELNICK will seek leave to amend this Complaint to set forth the exact amount of consequential damages when ascertained.

34.   a)   As a direct result of the actions of Defendants, and each of them, and in pursuing MELNICK's claim, it was necessary for MELNICK to retain legal counsel.

b)   Pursuant to the ACT, MELNICK is entitled to the recovery of attorney's fees based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred in pursuing this matter.

## THIRD CAUSE OF ACTION

### (Fraud)

### (Against CREVIER BMW)

35.   MELNICK re-alleges each and every paragraph contained in the GENERAL ALLEGATIONS set forth hereinabove, and hereby incorporates them by reference as though fully set forth at length herein.

36.   MELNICK alleges that CREVIER misrepresented the vehicle was repaired. That it could not duplicate concerns demonstrated and that there were no problems.

1    CREVIER misrepresents that it is an individual repair facility capable of satisfying its
2    customers concerns.  Relying on this representation MELNICK entrusted CREVIER with
3    repairs for serious concerns to the subject vehicle. CREVIER is not an independent repair
4    facility but rather a mouthpiece restating what BMW NORTH AMERICA people tell them with
5    no actual facts to support their statements. Other repair facilities state there are defects and
6    you should return your car under warranty to repair those defects. Despite this, CREVIER
7    continues to misrepresent that brake noise is normal. Brake noise is not normal and no other
8    independent shop thinks it is. Despite this CREVIEW continues to refuse to repair or address
9    concerns brought to them by the consumer MELNICK. CREVIER has a duty to repair the
10   subject vehicle either under warranty or to prepare and itemized cost for repair under
11   California Write it right guidelines. Rather than address Melnick's concerns Crevier only
12   repeats what it is permitted to repeat and thus its representation that it is an independent
13   repair facility is false and a material misrepresentation to California consumers in violations
14   of Business and Professions Code 17200.

15        37.    CREVIER knew it was concealing material facts in order to induce MELNICK
16   to act.  CREVIER knew the representations it made to MELNICK were false or had no
17   reasonable ground for believing the representations were true.  CREVIER made the
18   representations with the intent to defraud and induce MELNICK to act.  At the time
19   PLAINTIFF acted, he did not know that material facts were concealed and that the
20   representations were false and MELNICK believed they were true.  MELNICK acted in
21   justifiable reliance upon the truth of the representations and leased the SUBJECT VEHICLE.

22        38.    Because of PLAINTIFF's reliance upon CREVIER's conduct, MELNICK has
23   been damaged in the amount of the lease price plus residual for the SUBJECT VEHICLE.

24        39.    MELNICK alleges that CREVIER is guilty of fraud as defined in Civil Code
25   section 3294, and MELNICK should recover, in addition to actual damages, damages to
26   make an example of and to punish.

27

28

40.   The facts supporting MELNICK's claim for exemplary damages are that MELNICK, upon discovery of the concealment and misrepresentations, contacted CREVIER in an attempt to remedy the transaction.

WHEREFORE, MELNICK prays for judgment against Defendants, and each of them, as follows:

### AS TO THE FIRST AND SECOND CAUSES OF ACTION

1.   For replacement or restitution, MELNICK's option, as required under the ACT, in an amount not less than $64,015.94;

2.   For incidental damages, according to proof;

3.   For consequential damages, according to proof;

4.   For prejudgment interest at the legal rate;

5.   For a civil penalty as provided in the ACT, in an amount not to exceed two (2) times the amount of MELNICK's actual damages, but not less than $128,031.88;

6.   For attorneys' fees based upon actual time expended, according to proof;

7.   For all costs and expenses of suit incurred; and,

8.   For such other and further relief as this Court may deem just and proper.

AS TO THE THIRD CAUSE OF ACTION

1. FOR ACTUAL DAMAGES ACCORDING TO PROOF

2. FOR DISGORGEMENT OF PROFITS

3. FOR RELIEF ON BEHALF OF THE GENERAL PUBLIC PURSUANT TO B&P 17200

4. FOR INJUNCTIVE RELEIF.

5. FOR PUNITVE DAMAGES

6.  BENEFIT OF THE BARGAIN

7. DIMINUTION IN VALUE

1    DATED:    July 11, 2018              **LAW OFFICES OF JIM O. WHITWORTH**

2

3                                        By: _Jim O. Whitworth_

4                                        Jim O. Whitworth, Esq.
                                         Attorney for Plaintiff,
5                                        PERRY MELNICK

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MELNICK VS. BMW OF NORTH AMERICA, et al.
COMPLAINT RE: VIOLATION OF THE SONG-BEVERLY CONSUMER WARRANTY ACT